**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ████████████████ | |
| Plaintiff, | |
| v. | Case No. 25-cv- 07404 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, | DEMAND FOR JURY TRIAL |
| Defendants. | |

**COMPLAINT**

Plaintiff ████████████████ ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for copyright infringement under the Copyright Act, false designation of origin under the Lanham Act, violation of the Illinois Deceptive Trade Practices Act, and civil conspiracy against the Partnerships and Unincorporated Associations Identified in Schedule A attached hereto (collectively, "Defendants"). In support hereof, Plaintiff, states as follows:

**I.    JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, et seq., the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each Defendant directly targets

business activities toward consumers in the United States, including Illinois, through at least their operation of or assistance in the operation of the fully interactive, commercial Internet stores operating under the Defendant Online Marketplace Accounts identified in Schedule A attached hereto (collectively, "Defendant Internet Stores" or "Stores"). Specifically, Defendants directly reach out to do business with Illinois residents by operating or assisting in the operation of one or more commercial, interactive Internet Stores through which Illinois consumers can directly purchase products using or bearing infringing versions of Plaintiff's federally registered copyrighted work. Each Defendant has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, has sold products bearing infringing versions of Plaintiffs' federally registered copyright to residents of Illinois. In short, each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II.     INTRODUCTION

3.     Plaintiff files this action to combat online infringers who trade upon Plaintiff's reputation and goodwill by using Plaintiff's copyrighted work (U.S. Registration No. █████████ █) ("████ Work") in connection with the sale and advertising of knockoff products. *See* **Exhibit 1**. Like many other intellectual property right owners, Plaintiff suffers ongoing daily and sustained violation of its intellectual property rights at the hands of infringers, such as Defendants herein. Defendants have created Internet Stores by the dozens, using and displaying copies and derivative works of ████ Works to sell imitation versions of Plaintiff's product to unknowing customers. Plaintiff is and continues to be harmed, the consuming public is misled and confused, and Defendants earn substantial profits from their infringing activities.

4.      Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between Defendants and suggesting that Defendant Internet Stores share common manufacturing sources and that Defendants' infringing operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants have gone to great lengths to avoid liability by concealing both their identities and the full scope and interworking of their infringing operation, including changing the names of their Stores frequently, opening new Stores, helping their friends open Stores, and making subtle changes to their products. Plaintiff has been forced to file this action to combat Defendants' willful infringement of Plaintiff's copyrighted work as well as to protect unknowing consumers from purchasing knockoff products over the Internet. Accordingly, Plaintiff seeks injunctive and monetary relief.

## III.     THE PARTIES

### Plaintiff █████████████

5.      Plaintiff is a California limited liability company and is the creator and seller of ████████████████████████████████████████████ ("█████████ Products"). Plaintiff sells these █████ through its █████████ brand, which allows consumers to purchase the genuine products from █████ or █████.

6.      Plaintiff is the owner of █████████ Work (Copyright Reg. No. ████████████) for a ██████████████████. Plaintiff created █████████ Work for ████████████████ ████████████ Products. *See* **Exhibit 1**. Plaintiff uses the █████████ Works in connection





with designing, manufacturing, advertising, marketing, offering for sale, and selling of █████

Products.

7.     Plaintiff's products and its accompanying copyrighted works have been the subject

of substantial and continuous marketing and promotion by Plaintiff throughout the United States.

8.     Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are

the exclusive rights to reproduce, distribute, and display █████ Work to the public. Plaintiff

has never granted authorization to Defendants to use Plaintiff's copyrighted work to distribute,

advertise, market, offer to sell, or sell unauthorized goods.

9.     Plaintiff launched its █████ Products in ███, which are now available through

its █████ and █████████ Plaintiff has been and continues to market and promote its work

and products. As a result, products that incorporate █████ Work are recognized and

exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff.

█████ Products have been positively reviewed on █████ and ████, among others.

10.     Plaintiff is in the business of developing, manufacturing, marketing, selling, and

distributing █████ Products, including within the Northern District of Illinois. Defendants'

sales of the knockoff products by using Plaintiff's copyrighted work in violation of Plaintiff's

intellectual property rights are irreparably damaging Plaintiff.

**Defendants**

11.     Defendants are individuals and business entities who, upon information and belief,

primarily reside in the People's Republic of China or other foreign jurisdictions. Defendants

conduct business throughout the United States, including within Illinois and in this Judicial

District, through the operation of fully interactive commercial websites or Defendant Internet

---

█ ██████████████

Stores in various online marketplaces. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell knockoff products to consumers within the United States, including Illinois and this Judicial District.

12. Defendants are an interrelated group of infringers who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine ██████ Products by unlawfully using Plaintiff's copyrighted work, while they actually sell inferior imitations of Plaintiff's ██████ Products. Defendant Internet Stores share unique identifiers, such as common design elements, the same or similar knockoff products that they offer for sale, similar product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, and check-out methods, lack of contact information, and identically or similarly priced products and volume sale discounts. As such, Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence. The tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV.    DEFENDANTS' UNLAWFUL CONDUCT

13. Upon information and belief, at all relevant times hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the ██████ Work, including its exclusive right to use and license such intellectual property and the associated goodwill.

14. Defendants have purposefully directed some portion of their infringing activities towards consumers in this District through distributing, advertising, offering for sale, or selling products using or bearing Plaintiff's copyrighted work.

15.     Defendants directly engaged in unfair competition with Plaintiff by distributing, advertising, offering for sale, or selling goods bearing or using unauthorized reproductions or derivatives of Plaintiff's copyrighted work to consumers within the United States and this District through their Internet Stores.

16.     Infringers, such as Defendants here, are typically in communication with each other. They regularly participate in QQ.com chat rooms and communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

17.     Defendants take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat infringement. For example, infringers take advantage of the fact that marketplace platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing Defendants to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 2**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 41 Nw. J. Int'l. L. & Bus. 24 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25. Therefore, with the absence of regulation, Defendants may and do garner sales from Illinois residents by setting up and operating e-commerce internet stores that target United States consumers using one or more aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold knockoff products to residents of Illinois.

18.     Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores.

6

Furthermore, Defendant domain names often use privacy services that conceal the owners' identities and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms by using the identities listed in Schedule A of this Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of the many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

19.　　The unauthorized products advertised and for sale in Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the knockoff products are manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

20.　　Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the ▮▮▮▮▮ Work in connection with the infringing products, through, *inter alia*, the internet. The infringing products are not ▮▮▮▮ branded products of the Plaintiff. Plaintiff did not manufacture, inspect, or package the knockoff products and did not approve the infringing products for sale or distribution. Each of Defendant Internet Stores offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold knockoff products into the United States, including Illinois.

21.　　Defendants' use of ▮▮▮▮ Work in connection with the advertising, distribution, offer for sale, and sale of infringing products, including the sale of infringing products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

22.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon ██████ Works unless preliminarily and permanently enjoined. As such, Plaintiff also seeks to disable domain names owned by Defendants that are the means by which Defendants could continue to infringe Plaintiff's intellectual property.

## COUNT I

### COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

23.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 22.

24.     Plaintiff's products have significant value and have been produced and created at considerable expense. Plaintiff is the owner of ██████ Work, which has been registered with the U.S. Copyright Office. *See* **Exhibit 1**.

25.     Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, the copyrighted work, including derivative works.

26.     Upon information and belief, Defendants had access to the works through Plaintiff's normal business activities. After accessing Plaintiff's works, Defendants wrongfully created copies of the Plaintiff's copyrighted works without Plaintiff's consent and engaged in acts of widespread infringement.

27.     Plaintiff is informed and believes and thereon alleges that Defendants further infringed Plaintiff's copyright by making or causing to be made derivative works from Plaintiff's work by producing and distributing reproductions without Plaintiff's permission.

28. Defendants, without the permission or consent of Plaintiff, have and continue to sell online infringing derivative works of Plaintiff's copyrighted work. Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, et seq.

29. As a direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not have otherwise realized but for their infringement of the Plaintiff's copyrighted work. Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Plaintiff's copyrighted work.

30. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

31. As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

32. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyright and ordering that Defendants destroy all unauthorized copies. Defendants' copies, digital files, and other embodiments of Plaintiff's copyrighted work from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all knockoff

copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

## COUNT II

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)

33.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 32.

34.     By manufacturing, importing, advertising, marketing, distributing, offering for sale, selling, and/or otherwise dealing in the knockoff products, Defendants have offered and shipped goods in interstate commerce.

35.     Likewise, by manufacturing, importing, advertising, marketing, promoting, distributing, offering for sale, selling, and/or otherwise dealing in the infringing products, Defendants have and continue to trade on the extensive goodwill of Plaintiff to induce customers to purchase an imitation version of Plaintiff's products, thereby directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its lengthy nationwide marketing, advertising, sales, and cumulative consumer recognition.

36.     Defendants knew or, by the exercise of reasonable care, should have known that their past, current, and continued advertising, marketing, distribution, offering for sale, sale and/or otherwise dealing in infringing goods with ███████ Work has and will continue to cause confusion and mistake or to deceive purchasers, users, and the public.

37.     By using Plaintiff's copyrighted works in connection with advertising, marketing, distribution, offering for sale, sale, and/or otherwise dealing in imitation versions of Plaintiff's products, Defendants has created and is creating a likelihood of confusion, mistake, and deception

among the public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of such products.

38.    Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the knockoff product to the public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

39.    As a direct and proximate result of Defendants' wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its genuine products.

40.    Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III

### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510/2)

41.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40.

42.    Defendants have engaged in acts violating Illinois law including, but not limited to, causing likelihood of confusion or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Plaintiff, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

43.    Defendants knew, or by the exercise of reasonable care should have known, that their past, current, and continued distributing, marketing, advertising, offering for sale, selling, and/or otherwise dealing with ███████ Work has and will continue to cause confusion and mistake, and/or deceive purchasers, users, and the public.

44.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by this Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT IV

## CIVIL CONSPIRACY

45.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44.

46.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly and voluntarily entered into a scheme and agreement to engage in a combination of unlawful acts and misconduct including, without limitation, a concerted and collaborated effort to maintain the distribution, marketing, advertising, shipping, offering for sale, or sale of knockoff products in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

47.     The intent, purpose, and objective of the conspiracy and the underlying combination of unlawful acts and misconduct committed by Defendants was to undermine Plaintiff and its business by unfairly competing against it as described above.

48.     Defendants understood and accepted the foregoing scheme and agreed to do their respective parts, to further accomplish the foregoing intent, purpose, and objective. Thus, by entering the conspiracy, each Defendant has deliberately, willfully, and maliciously permitted, encouraged, and/or induced all the foregoing unlawful acts and misconduct.

49.     As a direct and proximate cause of the unlawful acts and misconduct undertaken by each Defendant in furtherance of the conspiracy, Plaintiff has sustained, and unless each Defendant is restrained and enjoined, will continue to sustain severe, immediate, and irreparable harm, damage, and injury for which Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    i.    using ███████ Work or any reproductions, copies, or colorable imitations thereof in any manner with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ███████ Product or is not authorized by Plaintiff to be sold in connection with ███████ Work;

    ii.    passing off, inducing, or enabling others to sell or pass off any product as a genuine ███████ Product or any other products produced by Plaintiff that are not Plaintiff's or are not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under ███████ Work;

    iii.    committing any acts calculated to cause consumers to believe that Defendants' infringing products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    iv.    further infringing ███████ Work and damaging Plaintiff's goodwill;

    v.    shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which use ███████ Work or any reproductions, copies, or colorable imitations thereof; and

    vi.    using, linking to, transferring, selling, exercising control over, or otherwise owning Defendant Internet Stores or any other online marketplace account that is being

used to sell or is the means by which Defendants could continue to sell knockoff

████████ products or inventory; and

B. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: ████████ ████████; payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of infringing products using the Plaintiff's copyrights; shall:

   i. disable and cease providing services for any accounts through which Defendants engage in the sale of knockoff ████████ Products using or bearing ████████ Works or any reproductions, copies, or colorable imitations thereof, including any accounts associated with the Defendants listed on Schedule A;

   ii. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of knockoff ████████ Products using or bearing ████████ Work or any reproductions, copies, or colorable imitations thereof; and

   iii. take all steps necessary to prevent links to Defendants' accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to Defendants' accounts from any search index; and

C. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b)

otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

D.  That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged as provided by 17 U.S.C. § 504(b).

E.  In the alternative, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. §504(c)(2) of $150,000 for each and every use of Plaintiff's copyrighted works;

F.  That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

G.  That Plaintiff be awarded any and all other relief that this Court deems equitable and just. Plaintiff demands trial by jury as to all causes of action so triable.

Dated: July 1, 2025                           Respectfully submitted,

                                              /s/ James E. Judge

                                              Zareefa B. Flener (IL Bar No. 6281397)
                                              James E. Judge (IL Bar No. 6243206)
                                              Ying Chen (IL Bar No. 6346961)
                                              Flener IP Law, LLC
                                              77 West Washington Street, Suite 800
                                              Chicago, Illinois 60602
                                              (312) 724-8874
                                              jjudge@fleneriplaw.com